SCANNED
DATE: 3-30-04
BY: CMG

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO:04-10568WGY

ANDREA REX,
    Plaintiff,

v.

LSG SKY CHEFS, INC.
    Defendant.

## ANSWER

NOW COMES the Defendant, LSG Sky Chefs, Inc., and hereby responds to the Plaintiff's Complaint and Jury Demand as follows, denying all factual allegations not specifically admitted:

### FIRST DEFENSE

1. The Defendant, LSG Sky Chefs, Inc., lacks sufficient information to admit or deny the allegations of paragraph 1 of the Complaint.

2. The Defendant, LSG Sky Chefs, Inc., admits that it is duly organized and existing under the laws of Delaware and denies the remaining allegations of paragraph 2 of the Complaint.

3. The Defendant, LSG Sky Chefs, Inc., admits that it conducted business in the Commonwealth and denies the remaining allegations of paragraph 3 of the Complaint.

### COUNT I

4. The defendant, LSG Sky Chefs, Inc, restates and incorporates herein by reference its responses to Paragraphs 1 through 3 of the Complaint.

5. The Defendant, LSG Sky Chefs, Inc., admits the allegations of paragraph 5 of the Complaint.

24201.1

6. The Defendant, LSG Sky Chefs, Inc., lacks sufficient information to admit or deny the allegations of paragraph 6 of the Complaint.

7. The Defendant, LSG Sky Chefs, Inc., lacks sufficient information to admit or deny that June Williams spoke with plaintiff or to comment on the substance of any such conversation. In further answering, the Defendant lacks sufficient information to admit or deny that plaintiff received a letter from Barry Wallace and denies the remaining allegations of paragraph 7 of the Complaint.

8. The Defendant, LSG Sky Chefs, Inc., admits the allegations of paragraph 8 of the Complaint.

9. The Defendant, LSG Sky Chefs, Inc., admits that it retained a third-party claims administrator to handle claims and denies the remaining allegations of paragraph 9 of the Complaint.

10. The Defendant, LSG Sky Chefs, Inc., admits that it retained Corporate Claims Management, Inc. as a third party claims administrator to handle claims and denies the remaining allegations of paragraph 10 of the Complaint.

11. The Defendant, LSG Sky Chefs, Inc., states that Exhibit A speaks for itself. In further answering, Defendant lacks sufficient information to admit or deny that Mr. Wallace spoke with plaintiff on November 19, 2003, or to comment on the substance of any such conversation that occurred on that day and denies the remaining allegations of paragraph 11 of the Complaint.

12. The Defendant, LSG Sky Chefs, Inc., need neither admit nor deny the allegations contained in Paragraph 12 since such statement as drafted concerns the state of mind of plaintiff's counsel; to the extent that a response is deemed required, the Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13. The Defendant, LSG Sky Chefs, Inc., admits that GAB Robins was retained as third-party administrator to handle claims and denies the remaining allegations of paragraph 13 of the Complaint.

14. The Defendant, LSG Sky Chefs, Inc., admits that GAB Robins was retained as third-party administrator to handle claims and denies the remaining allegations of paragraph 14 of the Complaint.

15. The Defendant, LSG Sky Chefs, Inc., denies the allegations of paragraph 15 of the Complaint.

16. The Defendant, LSG Sky Chefs, Inc., admits that liability was not affirmed and denies the remaining allegations of paragraph 16 of the Complaint.

24201.1

17. The Defendant, LSG Sky Chefs, Inc., states that Exhibit B speaks for itself and denies the remaining allegations of paragraph 17 of the Complaint.

18. The Defendant, LSG Sky Chefs, Inc., denies the allegations of paragraph 18 of the Complaint.

19. The Defendant, LSG Sky Chefs, Inc., denies the allegations of paragraph 19, including all subparts, of the Complaint.

20. The Defendant, LSG Sky Chefs, Inc., denies the allegations of paragraph 20 of the Complaint.

21. The Defendant, LSG Sky Chefs, Inc., states that Exhibit C speaks for itself. In further answering, the defendant admits that it received the letter and denies the remaining allegations of paragraph 21 of the Complaint.

22. The Defendant, LSG Sky Chefs, Inc., states that Exhibit D speaks for itself. In further answering, the defendant admits that it received the letter and denies the remaining allegations of paragraph 22 of the Complaint.

23. The Defendant, LSG Sky Chefs, Inc., denies the allegations of paragraph 23 of the Complaint.

24. The Defendant, LSG Sky Chefs, Inc., denies the allegations of paragraph 24 of the Complaint.

## COUNT II

25. The defendant, LSG Sky Chefs, Inc, restates and incorporates herein by reference its responses to Paragraphs 1 through 24 of the Complaint.

26. The Defendant, LSG Sky Chefs, Inc., lacks sufficient information to admit or deny the allegations of paragraph 26 of the Complaint.

27. The Defendant, LSG Sky Chefs, Inc., denies the allegations of paragraph 27 of the Complaint.

28. The Defendant, LSG Sky Chefs, Inc., denies the allegations of paragraph 28 of the Complaint.

29. The Defendant, LSG Sky Chefs, Inc., denies the allegations of paragraph 29 of the Complaint.

24201.1

## SECOND AFFIRMATIVE DEFENSE

And further answering, the Defendant says that the Complaint fails to state a claim upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6).

## THIRD AFFIRMATIVE DEFENSE

Any injuries or damages claimed were caused, in whole or in part, by the negligence or other culpable conduct of third parties over which this answering defendant had no control or right to exercise such control.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate, obviate, diminish or otherwise act to lessen or reduce the injuries, damages and disabilities alleged in the plaintiff's Complaint.

## FIFTH AFFIRMATIVE DEFENSE

The plaintiff assumed all risks and dangers of her culpable and negligent behavior.

## SIXTH AFFIRMATIVE DEFENSE

The plaintiff was guilty of contributory negligence.

## SEVENTH AFFIRMATIVE DEFENSE

The injuries alleged by plaintiffs were caused by pre-existing conditions over which defendant had no control.

## EIGHTH AFFIRMATIVE DEFENSE

Answering defendant denies the existence of any express or implied warranties.

## NINTH AFFIRMATIVE DEFENSE

And further answering, the Defendant says that if the plaintiff proves that the Defendant was negligent as alleged, the plaintiff was also negligent and her culpability serves to bar her claim or in the alternative to diminish the Defendant's liability.

24201.1

## TENTH AFFIRMATIVE DEFENSE

And further answering, to the extent the plaintiff suffered any damage, it was the result of a superseding and/or intervening cause for which the Defendant is not responsible.

## JURY DEMAND

THE DEFENDANT, LSG SKY CHEFS, INC., DEMANDS A TRIAL BY JURY ON ALL ISSUES WHERE THERE IS A RIGHT TO JURY TRIAL.

Respectfully submitted,

LSG SKY CHEFS, INC.

By its Attorneys,

Maynard M. Kirpalani BBO# 273940
Kevin P. Mannix, BB0# 640071
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300

24201.1

## CERTIFICATE OF SERVICE

I, Kevin P. Mannix, hereby certify that I have this 30th day of March, 2004, served a copy of the foregoing upon all counsel of record by mailing same postage prepaid to:

Keith Halpern
4 Longfellow Place
37th Floor
Boston, MA 02114
(617) 722-9952

_____
Kevin P. Mannix

24201.1