IN THE UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ANDREA REX,<br><br>       Plaintiff<br><br>v.<br><br>LSG SKY CHEFS, INC.<br><br>       Defendant | CIVIL ACTION NO: 04-10568 WGY<br><br>**AMENDED COMPLAINT**<br><br>Plaintiff Claims/Requests Trial by Jury |

    1.    Plaintiff Andrea Rex is a citizen of Massachusetts.

    2.    Defendant LSG Sky Chefs, Inc. (hereinafter referred to as "LSG") is a corporation duly organized and existing under the laws of Delaware with a usual place of business at Logan International Airport, #5 Woodland Island Park, East Boston, Massachusetts.

    3.    At all times relevant hereto LSG conducted business in the Commonwealth of Massachusetts, Suffolk County, and derived substantial income therefrom.

**COUNT I**
**Violation of G.L. c. 93A**

    4.    Plaintiff incorporates herein the allegations contained in Paragraphs 1 through 3.

    5.    At all times relevant hereto LSG was engaged in trade or commerce involving airline catering.

6. Andrea Rex suffered a cracked tooth when she bit into a foreign object in an LSG meal on American Airlines flight 1878 on November 9, 2002.

7. On November 20, 2002 Ms. Rex was told by June Williams, of American Airlines' Risk Management, that her claim would be forwarded to LSG. By January 6, 2003 Ms. Rex had not heard from anyone affiliated with LSG, so she phoned Ms. Williams. On January 13, 2003, Ms. Rex received a letter from Barry Wallace of Corporate Claims Management, Inc. stating that he would be handling the claim for LSG.

8. At all times relevant hereto LSG was self-insuring with respect to personal injury claims asserted by airline passengers alleging harm caused by an LSG meal.

9. At all times relevant hereto LSG had established a risk management processing entity to facilitate claims settlement.

10. Corporate Claims Management, Inc. had been retained by LSG to act as an agent and claims negotiator on its behalf.

11. On October 19, 2003, after the completion of Ms. Rex's accident related dental work, her counsel, Keith Halpern, sent a demand letter and supporting materials to Mr. Wallace. A copy of this letter is attached as Exhibit A hereto. A settlement demand of $35,000 was conveyed. By November 19th, Attorney Halpern had not heard from Mr. Wallace, so he phoned him. Mr. Wallace told Attorney Halpern that he was no longer handling the claim, that it had been transferred to Robin Stearns at GAB Robins in Denver, and that he had sent the file, including the supporting materials Attorney Halpern had provided, to Ms. Stearns.

12. It was evident to Attorney Halpern that if he had not called Mr. Wallace, Mr. Wallace would never have contacted him to let him know that the claim had been transferred.

13. Attorney Halpern then called Ms. Stearns. She told him that the claim had been marked "closed" by Mr. Wallace, and that she had not received anything from him. On November 25th Attorney Halpern sent Ms. Stearns copies of the demand letter and support materials he had sent to Mr. Wallace.

14. GAB Robins had been retained by LSG to act as an agent and claims negotiator on its behalf.

15. By December 19th Attorney Halpern had not heard from Ms. Stearns, so he phoned her. She stated that in settlement of Ms. Rex's claim LSG would offer no more than $5,000 over the "specials." She stated that this amount would be offered if Ms. Rex would agree to accept it. The "specials," as detailed in Attorney Halpern's demand letter, consisted of $4,080 in medical bills and $1,343 in lost earnings. Thus, Ms. Stearns' proposed settlement offer amounted to approximately $10,422. She stated that if Ms. Rex was unwilling to accept this amount, that Attorney Halpern should file a lawsuit. No formal or written offer of settlement ever was made.

16. At no time prior to Attorney Halpern's December 19th phone call with Ms. Stearns did anyone affirm coverage and liability on behalf of LSG even though LSG was on notice of the accident for approximately one year, since at least January 10, 2003, when Mr. Wallace sent an acknowledgement of notice of claim to Ms. Rex.

17. The liability of LSG was apparent from the time of the initial notice of the accident. An incident report was prepared by American Airlines. The Risk Management

3

department of American Airlines refused to produce a copy of the report to Attorney Halpern but did provide him with a letter stating its contents, attached hereto as Exhibit B. A copy of the letter from Kathy Baucom, Sr. Claims Analyst, was provided to Mr. Wallace and Ms. Stearns. Ms. Baucom states, "the report indicates that the passenger bit into a hard object that was in the sandwich from the Bistro Bag and the object cracked and loosened the passenger's tooth."

18. The actions of LSG and its agents described herein were performed willingly and knowingly.

19. Without limitation, LSG engaged in the following unfair practices:

   a. failing to acknowledge and act reasonably promptly upon communications with respect to Andrea Rex;

   b. failing to adopt and implement reasonable standards for the prompt investigation of Andrea Rex's claim;

   c. failing to pay Andrea Rex's claim without conducting a reasonable investigation;

   d. failing to affirm or deny coverage within a reasonable time;

   e. failing to effectuate prompt, fair and equitable settlement of Andrea Rex's claim after liability had become reasonably clear; and

   f. compelling Andrea Rex to institute litigation to recover amounts due to her by offering a grossly inadequate settlement.

20. LSG's proposed offer of "$5,000 over specials" in settlement of Andrea Rex's coverage was so unreasonable as to constitute an unfair settlement practice.

21. On January 7, 2004, Andrea Rex, through her attorney, sent the defendant, via certified mail, return receipt requested, postage prepaid, a written demand for relief pursuant to G.L. c. 93A, § 9, identifying the claimant and reasonably describing the unfair acts or practices relied upon and the injuries suffered. Demand letters were sent to both Patrick Tolbert, Chief Financial Officer, and Jeff Emmons, Global President for Risk Management. A copy of the demand letter is attached hereto as Exhibit C.

22. LSG received the plaintiff's ch. 93A demand letters by January 14th, 2004. Copies of the return receipts are attached as Exhibit D.

23. LSG failed to respond to the plaintiff's demand letter of January 7th, 2004.

24. LSG's failure to respond to plaintiff's reasonable settlement offer conveyed in her ch. 93A demand letter of January 7, 2004 constitutes a violation of ch. 93A.

WHEREFORE, the plaintiff, Andrea Rex, requests this court to:

enter judgment for Andrea Rex against the defendant;

award damages to Andrea Rex in an amount to be determined by a jury or the court;

treble such amount as provided by G.L. c. 93A, § 9 (3);

award interest, costs and attorney fees to Andrea Rex; and

award such further relief as the court deems just and proper.

### COUNT II
### Negligence

25. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 24.

26. LSG prepared the meal which caused injury to the plaintiff.

27. The meal was unfit for human consumption by reason of the presence of a hard foreign object.

28. The presence of a hard foreign object in the meal was due to the negligence of LSG.

29. As a direct and proximate result of LSG's negligence, the plaintiff, Andrea Rex, was caused to sustain personal injuries, pain, anguish of mind and economic loss.

## COUNT III
### Breach of Warranty

30. Plaintiff incorporates herein the allegations contained in paragraph 1 through 29.

31. LSG prepared and placed into the stream of commerce as a food for human consumption a catered airline meal that was served to the plaintiff on American Airlines flight 1878 on November 9, 2002.

32. The plaintiff relied upon the defendant's warranty that the food in this catered meal was wholesome and fit for human consumption, but in fact it was not, and was unwholesome, unfit for its intended purpose, and contained a foreign and deleterious object.

33. The plaintiff was a foreseeable user of the LSG meal served to her.

34. Notice of the breach of warranty was duly given to the defendant.

35. As a direct and proximate result of LSG's breach of warranty, the plaintiff, Andrea Rex, was caused to sustain personal injuries, pain, anguish of mind and economic loss.

WHEREFORE, the plaintiff, Andrea Rex, requests this court to:

enter judgment for Andrea Rex against the defendant;

award damages to Andrea Rex in an amount to be determined by a jury;

award interest, costs and attorney fees to Andrea Rex; and

award such further relief as the court deems just and proper.

## JURY CLAIM AND REQUEST

Plaintiff requests trial by jury of Count I. The plaintiff demands trial by jury of Count II and Count III

Dated: 4/20/04

Andrea Rex
By her Attorney,

Keith Halpern
BBO# 545282
4 Longfellow Place
37th Floor
Boston, MA 02114
(617) 722-9952

7