IN THE UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 04-10568WGY

| ANDREA REX, |
| Plaintiff, |
| v. |
| LSG SKY CHEFS, INC. |
| Defendant. |

**LSG SKY CHEFS, INC.'S, MOTION TO SEVER AND STAY PLAINTIFF'S BAD FAITH CLAIM**

Now comes the defendant, LSG Sky Chefs, Inc. ("LSG"), and hereby respectfully requests that this honorable Court sever and stay the M.G.L. c. 93A claim asserted against it by plaintiff, Andrea Rex ("Rex"), until such time as Rex's negligence and breach of warranty claims have been resolved. Plaintiff, Andrea Rex, has indicated that she will not oppose this motion.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

Rex claims that on November 9, 2002, she was on American Airlines flight 1878 from Dallas/Ft. Worth to Boston. She claims that she suffered a cracked and/or loosened tooth after biting into a sandwich provided as an in-flight meal. Rex claims that the injury was caused by a foreign substance in the sandwich, specifically a hard, white substance approximately 3mm by 5mm. She claims that the meal was prepared by the defendant, LSG. Rex claims that the tooth required dental work, including root canal, gum surgery and a permanent crown.

Rex's complaint alleges negligence, breach of warranty and a M.G.L. c. 93A violation. Rex claims that LSG committed multiple violations of 93A, including failing to effectuate a

24202.1A

prompt, fair and equitable settlement of Rex's claim. A copy of Rex's complaint is attached to provide a more complete description of her claims for the Court.

## II.   ARGUMENT

The Court should exercise its discretion to sever and stay Rex's 93A claim until such time as the negligence and breach of warranty claims have been resolved. This Court has broad discretion to sever and stay Rex's 93A claim. Federal Rule of Civil Procedure 42(b) provides in pertinent part:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial...of any claim, cross-claim, counterclaim, or third-party claim..., or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims or issues....

"Rule 42 sanctions separate trials in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." See Kisteneff v. Tiernan, 514 F.2d 896, 897 (1st Cir. 1975). See also, Jenkins v. General Accident Fire & Life Assurance Corp., 349 Mass. 699, 710 (1965) ("[W]here the prejudicial effect outweighs the advantages, a judge may sever the cases."); Cambridge Trust Co. v. Commercial Union Ins. Co., 32 Mass. App. Ct. 561, 565 (1992). The decision to separate claims for trial is a matter within the sound discretion of the trial judge. See Gonzalez-Marin v. Equitable Life Assurance Society, 845 F.2d 1140, 1145 (1st Cir. 1988) Such a determination is reversible only for an abuse of discretion. Lisa v. Fournier Marine Corp., 866 F.2d 530, 531 (1st Cir.), cert. denied, 493 U.S. 819 (1989); Kisteneff, 514 F.2d at 897. In addition, Fed. R. Civ. P. 21 states that "[a]ny claim against a party may be severed and proceeded with separately." The foregoing demonstrates the court's broad discretion to sever and stay Rex's 93A claim until such time as the issue of negligence has been resolved.

Rex's 93A claim is appropriate to sever and stay until the negligence and breach of warranty issues are determined. The outcome of a trial as to Rex's negligence and breach of warranty claims may render the trial of the 93A claims unnecessary. Until such time as the Court determines the negligence question, the extensive discovery that would be necessary for the parties to investigate the 93A issue is premature, costly, and time-consuming. Based on this, this Court should sever and stay Rex's 93A claim until such time as the negligence and breach of warranty issues have been determined. Doing so serves the directive of Fed. R. Civ. P. 1 that the rules "shall be construed and administered to secure the just, speedy and inexpensive determination of every action."

Allowing the 93A claim to proceed simultaneously with the negligence and breach of warranty claims unnecessary prejudices LSG. In the pursuit of its 93A claim against LSG, Rex may argue that because it is alleging that LSG acted in bad faith in not settling its claim, it should have complete access to LSG's claim file. Material that might well be discoverable in a G.L. c. 93A case is clearly protected from discovery in the negligence case on the grounds that it constitutes work product prepared in anticipation of litigation. Allowing the claims to proceed together is likely to lead to multiple discovery battles. Consequently, severing and staying the claim is the only way to protect both parties' interests and minimize discovery disputes.

The practical approach is to stay the 93A claim until the negligence and breach of warranty claims are completed so that the parties can conduct appropriate discovery in the negligence claim and work toward resolution of that claim. Once the negligence claim is resolved, the 93A claim could proceed, if necessary, and the plaintiff would conduct whatever discovery is appropriate on that claim. Any other result would "put the cart before the horse" and thus be inappropriate.

24202.1A

### III. <u>CONCLUSION</u>

For the reasons explained above, LSG respectfully asks this Court to sever and stay Rex's 93A claim until such time as the negligence and breach of warranty claims have been resolved because doing so will result in the most efficient, cost-effective use of the parties' and this Court's limited resources, will ensure the most expeditious means of disposing of this action, and will secure the most just, speedy and inexpensive determination of all of the parties' claims.

Respectfully submitted,

LSG SKY CHEFS, INC.

By its Attorneys,

*/s/ M. Kirpalani*

Maynard M. Kirpalani BBO# 273940
Kevin P. Mannix, BB0# 640071
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300

DATE: 7/29/04

[illegible perjury declaration with signature dated 7/29/04]

24202.1A